(Hamilton County Common Pleas.)

July, 1896.

SHOTWELL v. VILLAGE OF READING.

---

A swing suspended over the side of a street a few feet from the curb-line, which being pushed by a child, caught the top of a buggy passing at the time whereby the driver was injured, is not such an obstruction of the street as to make the village liable for injury.

---

A swing was suspended in one of the streets of the defendant village a few feet from the curb line. As the plaintiff was driving past in a covered buggy, a little girl gave the swing a push into the street. The loop of the swing fell over the top of the buggy, and pulled it off and injured the plaintiff, who brought the present action for damages.

Heard on demurrer.

HOLLISTER, J.:

The basis of an action for negligence is, that the defendant has not exercised care with respect to his conduct towards a person to whom he owes the duty of being careful. Assuming that the defendant owed to the plaintiff the duty of keeping the road in question in repair and free from obstruction, the plaintiff can not recover unless the injury can be directly traced to a failure of the defendant to keep the road free from nuisance.

A man is said to be negligent in his conduct towards those to whom he owes the duty of being careful, when he has done something or omitted to do something, which, under the circumstances, one of ordinary prudence would not have done, or would not have failed to do. To a man of ordinary prudenc, events, facts, conduct, probabilities and possibilities present themselves in their relation of cause and effect. He knows from his experience, foresight and reason, that certain results will, or may follow his acts of omissions, which may be injurious to others. To others he owes the duty of conducting himself as a prudent man would under the circumstances, and when the accident is caused by the failure of his conduct to meet that requirement, he is liable to the one injured; for the injury has resulted from his negligence.

It is the theory of the "Turntable Cases" that the railroad company ought to have known that, if a turn-table were left unlocked at a place where small boys were accustomed to play, it would be a temptation to them, and in playing upon it and moving it on its axis and wheels, they might become injured. Railroad Company v. Stont, 17 Wall., 567.

And so as to torpedoes left by the employes of a railroad company in a place where it, and they, knew the public and boys were accustomed to cross the track. The exercise of ordinarily mature judgment and foresight would have suggested the danger of leaving such articles at such a place. Harriman v. Railroad Co., 45 Ohio St., 11. And where one has been injured by coming in contact with wires hanging down in a public street, the municipal corporation is liable because the streets, being in charge of the municipal authorities, must be kept by them free from obstruction. Failing to so keep the streets, the municipality fails in a duty to the public using the streets.

The duty is expressed in Judge Dillon's statement in sec. 1015, Municipal Corporations: "The liability is not that of a guarantor of the safety of the trav-

eler. The corporate authorities are only bound to use reasonable skill and diligence in making the streets and sidewalks safe and convenient for travel. They are under no obligation to provide for anything that may happen upon them, but only for such things as ordinarily exist, or such as may reasonably be expected to occur.'' In the case of the wire, the authorities having charge of the streets must, by the exercise of ordinary prudence and foresight, have foreseen that some one in passing along the street might be injured by the wire. Assuming further, that the swing hanging down in the street near the ground, and several feet from the curb of a sixty foot street, was a defect in the street, a nuisance which the village ought to have had abated, if the plaintiff in driving along might, in the judgment of a prudent person, come in contact with the swing and was not guilty of contributory negligence, and thereby became injured, the defendeant must necessarily make her damage good.

But that is not this case. Here the plaintiff was not injured because of the defect, or because the swing was a nuisance, an obstruction in the street; but because a little girl seized the swing and threw its loop over the top of plaintiff's buggy, which was in motion.

Would any man of ordinary prudence have possibly imagined that an injury to a driver in the road would be brought about by such a combination of circumstances? Ordinary prudence might have suggested that possibly some one might run into the swing and become injured by reason of its being in a place where it ought not be; but his prudence would be great indeed who could foresee even the possibility of an injury occasioned by the concurrence of the fact of the swing and such a thoughtless act of a child.

The injury was not caused by the impropriety and illegality of leaving the swing in the street; but by an act of a child which was not of such a nature that a person of reasonable prudence would have anticipated it.

The demurrer is sustained.

Gorman & Thompson, for the demurrer.

Miller, Renner & Miller, for the Plaintiff.